The opinion of the Court was now delivered by
Smith, C. J.
[He first stated the substance of the declaration, and then continued as follows:] It seems to be admitted that C. H. *253 was a justice of the peace, and that, under certain circumstances, he was empowered to take recognizance; but it is contended that this declaration does not state a case of that description.
By the statute of Feb. 9, 1791, N. H. Laws, ed. 1805, 55 (he has the same authority at common law in this State), when any persons brought before a justice for examination or trial, he may postpone the matter to a future day, and he may take a recognizance of the party, for his appearance before him at such future day, in the same manner as the sessions and this court may do.[1] If he may take a recognizance of the party, any other may lawfully recognize for him. He may order sureties. David Stevens, in ..this case, was probably a surety. He may take this recognizance in the same manner as this court may do. In such case, the recognizance in this court does not state, nor need a declaration upon it, how the party came before the court; whether on complaint and recognizance before a justice of the peace; on indictment and capias ; on voluntary act; or by order of the court when no prosecution pending. And, for the same reason, it need not state these things when taken before a justice of the peace. The party submitted to the justice’s order to recognize, and shall not now object. If the order was illegal, he might have refused, and, if committed, have had a habeas corpus and obtained his discharge ; or, if the act of the justice was wanton and malicious, he would have remedy by action.
Besides, there may have been good cause for this recognizance, and yet no prosecution instituted or pending before the justice at the time. Suppose the justice saw the assault on S. H., or heard B. S. threaten to kill her, &c. In such case he might lawfully order B. S. to recognize for his appearance before him, at a future day, to answer, &c., and, in the mean time, to be of good behavior. Such a case would be properly described in this declaration. And if there is any possible case in which the recognizance may have been lawfully taken, it is sufficient.
*254 But I form my opinion on the ground first stated, that, in debt on recognizance, it is not necessary to state the occasion of taking the recognizance. As it is a debt solemnly acknowledged before a court of justice, it is presumed to be a lawful transaction, and binding, till the contrary is shown, (a)
It is further objected that debt does not lie on recognizance. The authorities are the other way. Com. Dig. Debt, A. 3; 4 Blackst. 253; Tidd, 237, 238, 994; Cro. Eliz. 608, 817 ; 3 Wooddes. 96; 2 Selw. 467; 1 Wilson, 284; Com. Dig. Pleader, 2 W. 10. (b) Judgment for the State.[1]

 As to the authority of justices of the peace to take recognizances, see Bell, C. J., in State v. Eastman, 1800, 42 N. H. 265, 267-273.

а) A declaration on a bond or other specialty [or record] need not state how the debt accrued, otherwise than the making of the obligation, the rendering of the judgment, &c.; not the consideration, suit, &c.
Sed vide Willes, 18, 19.

б) Debt is sometimes brought upon a recognizance of hail: 1 Chitty, 104; 2 Chitty, PI. 177-181; but the remedy against bail is more frequently by scire facias. Willes, 18.
Debt lies on recognizance. See Gilbert’s Cases, Essay on Action of Debt, 394, 395.
Debt doth lie on recognizance for good behavior. 1 Hall’s Law Jour. 286.

 I. Commonwealth v. Green, 1815, 12 Mass. 1, is a direct decision that debt lies on a recognizance to the State. In State v. Davis, 1862, 43 N. H. 600, and State v. Chesley, 1828, 4 N. H. 366, no objection was raised to this form of action.
II. Upon the question whether the occasion of taking the recognizance should have been stated in the declaration, the authorities are not unanimous. State v. Stevens is sustained by Champlain v. People, 1848, 2 N. Y. (Comstock) 82, and People v. Kane, 1847, 4 Denio, 530.